# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| KELON STALLINGS, )<br>Individually And On Behalf Of )<br>All Others, )<br> )<br>    Plaintiffs, )<br> ) Case No.: 2:22-cv-2264<br>vs. )<br> ) **JURY TRIAL DEMANDED**<br>**RENZENBERGER, INC.** )<br>**d/b/a HALLCON CORPORATION** )<br>Registered Agent: )<br>Corporation Service Company )<br>2900 SW Wanamaker Dr., Ste. 204 )<br>Topeka, Kansas 66614 )<br> )<br>    Defendant. ) | |

## PETITION

**COMES NOW** the Plaintiff, Kelon Stallings, by and through his attorneys, and on behalf of himself, and brings the following class action against Defendant, Renzenberger, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from eVerifile.

3. Defendant paid a fee to a third-party entity for the information it obtained concerning the Plaintiff.

4. The information obtained from the third-party entity, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in Consumer Reports, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of St. Joseph, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Kansas.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and his claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

13. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff applied online for employment with the Defendant in or about May

2022.

16. Plaintiff had an interview and was told he got the job.

17. Plaintiff was sent for an urine analysis and passed.

18. Plaintiff had one day of training and then started work.

19. Plaintiff worked for approximately two weeks for the Defendant.

20. Plaintiff was called by Carl, Plaintiff's supervisor, and told that because of his Consumer Report he was suspended without pay and that Plaintiff would be receiving a letter.

21. Plaintiff was instructed to return his work truck.

22. The information contained in Plaintiff's Consumer Report is incomplete and inaccurate.

23. Plaintiff was not given an opportunity to dispute the contents of the Consumer Report before receiving the adverse action from Defendant.

24. Plaintiff could have successfully disputed the information from the Consumer Report if he had received a copy of the Consumer Report and an opportunity to dispute the Consumer Report before any adverse action.

25. Suspending the Plaintiff without pay and taking his work truck because of information in his Consumer Report are adverse actions (as an adverse action is defined pursuant to the FCRA).

26. Plaintiff was not provided with an opportunity to view and address the information in the Consumer Report before the adverse action.

27. Plaintiff had never received a copy of the Consumer Report in order to be given a proper opportunity to review, contest, explain, or dispute it.

28. Defendant's actions took advantage of the Plaintiff's personal information in such a way that violated the law.

29. Plaintiff allowed the Defendant to temporarily access his personal information for legal purposes.

30. Defendant's misuse of the Plaintiff's personal property are akin to the violation of the common law claim for a breach of trust.

31. Plaintiff was never provided with the name and address of the person to whom the information in his report was being reported.

32. Plaintiff was deprived of the substantive opportunities and purposes afforded him by Congress per 15. U.S.C. §1681k.

33. Plaintiff had no way of knowing what public record information was reported by the Consumer Reporting Agency that provided his Consumer Report.

34. Plaintiff's Consumer Report is not accurate or complete and up to date.

35. If Plaintiff had received a copy of the Consumer Report prior to the adverse action the Plaintiff could have reviewed the Consumer Report and pointed out the inaccuracies.

36. Defendant certified to eVerifile that if allowed access to the Plaintiff's Consumer Report the company would not use the report in violation of any applicable federal or state equal employment law or regulation.

37. Defendant certified to eVerifile that if the Plaintiff's Consumer Report were provided that the FCRA adverse action requirements would be followed.

38. EVerifile is legally bound to not provide the Plaintiff's personal information in the form of a Consumer Report to the Defendant without the certification required

by 15 U.S.C.§1681b(b)(1).

39. On information and belief Defendant contracted with eVerifle to provide Consumer Reports for employment purposes.

40. On information and belief in the contract between eVerifile and the Defendant, the Defendant contractually promised to abide by the FCRA adverse action requirements.

41. Defendant did not abide by the certification made to the eVerifile pursuant to 15 U.S.C.§1681b(b)(1).

42. Defendant did not abide by the contractual promises made to eVerifile to satisfy the FCRA adverse action requirements.

43. Plaintiff is a third party beneficiary to the contract between the Defendant and eVerifile.

44. Defendant's adverse actions prior to the receipt of the Consumer Report left the Plaintiff confused regarding the ability to address information contained within in the Consumer Report.

45. Plaintiff suffers from anxiety, mental suffering, and garden variety emotional distress due to the manner in which the adverse action took place.

46. Defendant's actions deprived Plaintiff of a meaningful opportunity to invoke the discretion of the decision maker before termination.

47. Defendant's actions deprived Plaintiff of the opportunity to review, understand, and learn what information was being used against him in order to better his opportunities to obtain employment and to prevent adverse information from further affecting his livelihood in the future.

48. The agreements made between the Defendant and Everfile contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

49. Defendant breached the agreement between itself and eVerifile when the Plaintiff's adverse action rights were violated.

50. Plaintiff is a party to a breached contract.

51. Plaintiff is a third-party beneficiary to a breached contract.

52. Defendant violated its contractual obligations by systematically violating the provisions of the FCRA despite having received the benefits of obtaining regulated information concerning the Plaintiff from a Consumer Reporting Agency.

53. Plaintiff did not receive the protections he was entitled to because of the Defendant's actions.

54. Defendant is aware of the FCRA.

55. Defendant has knowledge that it must comply with the FCRA.

56. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

57. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

58. The manner in which the Defendant took Adverse Action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. Plaintiff asserts the following proposed class defined as:

    **ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after July 8, 2020, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

    **IMPROPER CERTIFICATION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after July 8, 2020, that was based, in whole or in part, on information contained in a Consumer Report, and did not receive a copy of the Consumer Report prior to the adverse action as the Defendant certified to the Consumer Reporting Agency.

    **BREACH OF CONTRACT CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after July 8, 2020, that was based, in whole or in part, on information contained in a Consumer Report, and did not receive a copy of the Consumer Report prior to the adverse action in breach of the contract between the consumer reporting agency and the Defendant.

### Numerosity

61. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

**Common Questions of Law and Fact**

62. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

    c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to properly address or explain the contents of the Consumer Report or cure any inaccuracy within the Consumer Report prior to the adverse employment action;

    d. Whether the Defendant violated contractual obligations of which the Plaintiff and other members of the Adverse Action class were third party beneficiaries;

    e. Whether the Defendant's actions were contrary to the mandated certification to the consumer reporting agency that the adverse action requirements would be followed;

    f. Whether Defendant's violations of the FCRA were willful;

    g. The proper measure of statutory damages and punitive damages.

**Typicality**

63. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA

violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

64. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

65. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

66. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

67. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that

apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

68. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

69. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS
### Count I
### Adverse Action Violations

70. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

71. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

72. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

73. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

74. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report, explain the information in the Consumer Report, and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

75. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Consumer Report.

76. Had Defendant complied with the FCRA, Plaintiff would have been given time to review the information contained in the Consumer Report and to explain, dispute and/or otherwise address the information contained in the Consumer Report.

77. Plaintiff was not provided with a reasonable amount of time to challenge any information contained within the Consumer Report before being denied employment.

78. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

79. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or

the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

80. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

81. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a Consumer Report was received concerning the consumer.

   d. Defendant entered into a contract with the consumer reporting agency in which they contractually agreed to abide by the FCRA adverse action requirements

82. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

83. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

84. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II

**Violation of Plaintiff's FCRA Rights as a Third-Party Beneficiary**

85. The FCRA requires a third-party entity obtaining a consumer report for employment purposes to first certify that they will comply with the mandates of 15 U.S.C. §1681b(b)(2) and 15 U.S.C. §1681b(b)(3) should it become applicable.

86. Prior to obtaining a copy of the Plaintiff's Consumer Report the Defendant should have certified to the consumer reporting agency providing the report that the Defendant would abide by 15 U.S.C. §1681b(b)(2) and 15 U.S.C. §1681b(b)(3) should it become applicable.

87. Plaintiff is a third-party beneficiary to the agreement between the Defendant and the consumer reporting agency.

88. Plaintiff trusted that if he allowed the Defendant to access his personal information that information would not be used illegally.

89. Defendant violated the plaintiff's rights when it obtained a Consumer Report concerning the Plaintiff and then took adverse action before providing the Plaintiff with a copy of the report.

90. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a Consumer Report was received concerning the consumer.

91. On information and belief, Defendant signed a user agreement with the consumer reporting agency that required before any Consumer Report would be provided that the Defendant agree to uphold the requirements set forth in 15 U.S.C. §1681b(b)(3).

92. Defendant's actions violated Plaintiff's rights provided in 15 U.S.C. §1681b(b)(3).

93. Defendant's actions took advantage of the Plaintiff's personal information in a manner not contemplated by the contract that allowed access to the Plaintiff's personal information.

## Count III

### FCRA Certification Violations

94. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

95. Prior to obtaining a Consumer Report the Defendant certified to the consumer reporting agency that the requirements set forth in 15 U.S.C§1681b(b)(3) would be followed when a Consumer Report was provided to the Defendant.

96. Prior to obtaining a Consumer Report the Defendant certified to the consumer reporting agency that equal opportunity employment law would be followed.

97. The consumer reporting agency would not have provided the Defendant with a copy of the Plaintiff's Consumer Report without the certification required by 15 U.S.C. §1681b(b)(1).

98. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

99. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report was not complete and up to date and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

100. Plaintiff is a third-party beneficiary of the Defendant's certification that the Defendant would ensure Plaintiff's FCRA rights were followed.

101. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

102. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a Consumer Report was received concerning the consumer.

103. Defendant entered into a contract in which they contractually agreed to abide by the FCRA adverse action requirements.

104. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

105. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

106. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

      a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

      b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

      c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

      d. Order finding that Defendant committed multiple, separate violations of the FCRA;

      e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

      f. Order awarding statutory damages and punitive damages as provided the FCRA;

      g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

      h. Order finding that the Defendant breached the implied contract with the Plaintiff and other class members;

      i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown  
Charles Jason Brown MO 49952  
Jayson A. Watkins MO 61434  
Brown & Watkins LLC

301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF